IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLIE CAVIEL, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-cv-2327 |
| V. | § § | JURY TRIAL DEMANDED |
| BURROW GLOBAL SERVICES, LLC and BURROW GLOBAL, LLC | § § § | |
| Defendants. | § § | |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Charlie Caviel brings this suit under the Fair Labor Standards Act ("FLSA") to recover overtime wages from his employers, Burrow Global Services, LLC and Burrow Global, LLC ("Defendants"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff brings claims on behalf of himself and a collective of Defendants' current and former similarly-situated employees.

## JURISDICTION AND VENUE

2. The Court has jurisdiction because the claims arise under the FLSA.

3. Venue is proper in the United States District Court for the Southern District of Texas – Houston Division because Defendants reside within this District and Division. *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

4. Plaintiff is an individual residing in Houston, Texas.

5. Defendants are domestic limited liability companies.

6. Defendants may be served through their registered agent for service, Don Knight, 8100 Washington Ave., Suite 1000, Houston, Texas 77007.

**COVERAGE**

7. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendants employed two or more employees and had annual revenue of at least $500,000.

8. Throughout the Claims Period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce.

9. Throughout the Claims Period, Defendants operated as a joint enterprise engaged in commerce or in the production of goods for commerce.

10. Throughout the Claims Period, Defendants had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

11. Throughout the Claims Period, Plaintiff was engaged in interstate commerce through the handing and use of equipment moving in interstate commerce.

12. Throughout the Claims Period, Defendants were individually and jointly Plaintiff's employer and Defendants individually and jointly employed Plaintiff.

13. Throughout the Claims Period, Plaintiff was Defendants' employee.

14. As explained below, Defendants are jointly and severally liable for violations of the FLSA.

**VIOLATION OF THE FLSA**

15. Plaintiff worked for Defendants as a piping designer.

16. Defendants treated Plaintiff as an employee (i.e., not a contractor) throughout the duration of his employment with Defendants. For example, Defendants regularly withheld payroll taxes from Plaintiff's wages and issued him an IRS Form W-2 reflecting his annual wages.

17. Plaintiff worked overtime (i.e. more than 40 hours per workweek) for Defendants on numerous occasions during the Claims Period.

18. Defendants paid Plaintiff on an hourly basis. Plaintiff's offer letter explains that his "rate of pay is $70.00 per hour paid on a bi-weekly basis." See Exhibit 1, Plaintiff's Offer Letter.

19. Defendants did not pay Plaintiff one-and-one-half times his regular rate of pay for each overtime hour he worked for Defendants during the Claims Period.

20. Instead, Defendants paid Plaintiff "straight time" for each hour he recorded, including the hours that exceeded 40 in a workweek.

21. Defendants may argue Plaintiff was paid an alleged weekly "salary"—equaling his hourly rate multiplied by 40 hours. But Defendants' compensation policy and practice does not satisfy the FLSA's salary-basis test. See 29 C.F.R. § 541.602(a)(1) ("[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked."). On at least 17 occasions when Plaintiff worked partial days and fewer than 40 hours in a week, Defendants did not pay him his alleged "salary." On these 17 occasions, Defendants' paystubs reflect that they paid Plaintiff his hourly rate for each hour he worked. See Exhibit 2, Paystubs. Defendants' practice is inconsistent with the salary-basis requirement for salaried-exempt employees under the FLSA.

22. Defendants owe Plaintiff 1.5 times his regular rate of pay for each overtime hour he worked for Defendants during the Claims Period.

23. Defendants owe Plaintiff liquidated damages in the same amount as the overtime wages they owe him.

24. Defendants are also responsible for paying Plaintiff's attorneys' fees and costs associated with prosecuting this lawsuit.

25. Defendants are jointly and severally liable for Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest.

## COLLECTIVE ALLEGATIONS

26. Plaintiff incorporates the prior allegations in this Complaint and restates them here as collective-action allegations on behalf of Plaintiff and all individuals who were paid straight time for overtime hours each week during the Claims Period.

27. Defendants employed several hundred individuals who are similarly situated to Plaintiff during the Claims Period.

28. Defendants paid these individuals on an hourly basis.

29. Defendants did not pay these individuals time-and-a-half for the overtime hours they worked each week. Instead, Defendants paid these individuals "straight time" for the overtime hours they worked each week.

30. Plaintiff and these individuals are hereafter referred to as "the Straight-Time Plaintiffs."

31. Plaintiff seeks to represent the interests of the Straight-Time Plaintiffs who have been deprived of their overtime pay in violation of the FLSA.

32. The Straight-Time Plaintiffs often worked more than 40 hours a week during the Claims Period.

33. Defendants failed to pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

34. Defendants owe the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

35. Defendants owe the Straight-Time Plaintiffs liquidated damages in the same amount as the overtime wages they owe them.

36. The Straight-Time Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

37. Defendants are jointly and severally liable for the Straight-Time Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest.

38. The Straight-Time Plaintiffs are similarly situated because they were subjected to the same policy and practice. Defendants paid them on an hourly basis, and Defendants paid them "straight time" for each overtime hour instead of the time-and-a-half rate mandated by the Fair Labor Standards Act.

39. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All Employees Who Were Paid Straight-Time Instead of Time-And-A-Half for Overtime Hours (Hours Over 40) During Any Week from July 6, 2015 to the Present.

40. Plaintiff reserves the right to expand or narrow the proposed collective definition.

**WILLFUL VIOLATION**

41. Defendants willfully violated the FLSA. Defendants either knew they should pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each overtime hour worked or Defendants recklessly disregarded their obligation to do so.

## JURY TRIAL DEMANDED

42. The Straight-Time Plaintiffs demand a jury trial on all liability and damages issues.

## PRAYER FOR RELIEF

Plaintiff Charlie Caviel demands a judgment for himself and all similarly-situated individuals against Defendants Burrow Global Services, LLC and Burrow Global, LLC, jointly and severally, for the following:

a. Unpaid overtime wages;

b. Liquidated damages in the same amount as the overtime wages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Attorneys' fees and costs incurred in prosecuting this lawsuit;

e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All other relief the Court finds proper, whether at law or in equity.

Respectfully submitted,

THE CLIFFORD LAW FIRM, PLLC

By: s/ Dennis A. Clifford
Dennis A. Clifford
Tex. Bar No. 24050431
S.D. Tex. No. 611330
712 Main Street, Suite 900
Houston, TX 77002
713-999-1833 – Telephone
866-232-0999 – Facsimile
dennis@cliffordemploymentlaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
CHARLIE CAVIEL AND ALL NAMED AND
OPT-IN PLAINTIFFS

## CERTIFICATE OF SERVICE

On July 6, 2018, I filed this document and any attachments via the Court's CM/ECF system, which will automatically effectuate service on all registered counsel of record. A copy of this document will also be served on Defendants via a process server.

s/ Dennis A. Clifford
Dennis A. Clifford